

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# Iqbal v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Iqbal v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1164.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**IMG-099**                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-3918 & 08-1900
(consolidated)

_____

JAVED IQBAL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A79-728-970)
Immigration Judge:  Honorable Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2009

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed:  June 22, 2009)

_____

OPINION OF THE COURT

_____

PER CURIAM

Javed Iqbal, a Pakistani native and citizen, petitions for review of a final order of

the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge

("IJ") of Iqbal's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Iqbal also challenges the BIA's denial of his motion to reopen. For the following reasons, we will deny both petitions.

Iqbal entered the United States on June 13, 1998, with authorization to remain until July 11, 1998. In January 2003, after receiving a Notice to Appear from the Government, Iqbal applied for asylum, withholding of removal, and protection under the CAT. Before the IJ, Iqbal testified that he feared persecution from his Sunni Muslim family because of his conversion to the Shiite sect of Islam. The IJ determined that Iqbal was ineligible for asylum relief because he failed to file his application within one year of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B). The IJ also found Iqbal incredible due to the discrepancies between his testimony and his written asylum statement. In the alternative, assuming that Iqbal's testimony was credible, the IJ found that he failed to present any evidence that he would be singled out for persecution if he returned to Pakistan. Further, the IJ found that Iqbal failed to show a pattern or practice of persecution against Shiite Muslims in Pakistan. Iqbal appealed to the BIA which affirmed the IJ's credibility determination and entered a final removal order. Iqbal filed a timely petition for review from that order.

In December 2007, Iqbal filed a motion to reopen with the BIA and submitted additional evidence which he argued demonstrated a pattern or practice of persecution of Shiite Muslims in Pakistan. On March 12, 2008, the BIA, citing Iqbal's failure to submit

2

new or material evidence, issued an order denying the motion to reopen. Iqbal also filed a timely petition for review from that order. The two petitions have been consolidated. See 8 U.S.C. § 1252(b)(6).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We uphold the BIA's determinations if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008). Under the substantial evidence standard, the BIA's determinations "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)). Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the denial of a motion to reopen for an abuse of discretion. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009).

To be eligible for withholding of removal, Iqbal must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in Pakistan based on a protected ground. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); see also 8 U.S.C. § 1231(b)(3)(C). For relief under the CAT, Iqbal must demonstrate that it is more likely than not that he would be tortured if removed to Pakistan. See 8 C.F.R. § 208.16(c)(2).[1]

---

[1] As petitioner acknowledges, we lack jurisdiction to review the IJ's determination that his asylum application was not timely filed. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

3

The BIA's finding that Iqbal's testimony was not credible is supported by substantial evidence. See Sukwanputra v. Gonzales, 434 F.3d 627, 636 (3d Cir. 2006) (an adverse credibility determination is appropriately based on inconsistent statements and contradictory evidence).[2] The IJ pointed out that the "most glaring discrepancy" between Iqbal's testimony and his written asylum statement was that, in his testimony, he did not mention that his uncle and cousin shot at him three or four times when they came to his house in Karachi. (A.R. 270.)[3] The omission goes to the heart of the claim inasmuch as Iqbal asserts that he fears returning to Pakistan because of violent reprisals from his family members. Further, the IJ did not believe Iqbal's explanation that he forgot to testify to this key fact when his lawyer initially questioned him. On appeal, Iqbal asserts only that he thought he mentioned the shooting and that he "implied" the shooting in his direct testimony–presumably by stating that his uncle and cousin were holding guns when they came to his house. These explanations do not compel a different result and are therefore not sufficient to overcome the IJ's adverse credibility determination. See e.g., Ezeagwu v. Mukasey, 537 F.3d 836, 839-40 (8th Cir. 2008) (upholding adverse credibility finding where petitioner "forgot" to mention his detention and abuse.); Chen,

---

[2] Because Iqbal filed his application prior to May 11, 2005, the effective date of the REAL ID Act of 2005, the IJ's credibility determination "must involve the heart of the asylum claim." See Caushi v. Att'y Gen., 436 F.3d 220, 229 & n.5 (3d Cir. 2006) (citation and internal quotation marks omitted).

[3] All citations to the Administrative Record are to the Record filed in C.A. No. 08-1900.

376 F.3d at 222 (citation omitted) ("We are required to sustain an adverse credibility determination 'unless . . . no reasonable person' would have found the applicant incredible.")

Substantial evidence also supports the IJ's determination that Iqbal failed to prove past or future persecution. Iqbal's claims of persecution are based on his fear that his family will try to harm him because of his religion. (A.R. 268.) To be eligible for withholding of removal, the alleged persecution must be "committed by the government or by forces the government is unable or unwilling to control." Valdiviezo-Galdamez v. Att'y Gen., 502 F.3d 285, 288 (3d Cir. 2007) (citation and internal quotation marks omitted).[4] Here, Iqbal has presented no evidence that the government of Pakistan would be unwilling or unable to protect him from his family. Iqbal acknowledges that he never sought help from the police, even after his uncle and cousin threatened him, because his friend advised him that the police were Sunni and would probably kill him. (A.R. 252.) While Iqbal offers various reports and articles on sectarian violence in Pakistan, these documents describe violence perpetrated by radical groups and does not offer evidence that the police are "unable or unwilling" to control private individuals' conduct. Cf. Valdiviezo-Galdamez, 502 F.3d at 289 (immigration judge ignored evidence that the

---

[4] While the Court in Valdiviezo-Galdamez was referring to persecution in the context of an asylum claim, the same substantive criteria apply to determining persecution for purposes of withholding of removal. Wakkary v. Holder, 558 F.3d 1049, 1053 (9th Cir. 2009).

5

government was unwilling or unable to protect the respondent where the respondent filed five police reports and the police took no action.)  Thus, the BIA's finding that "the record was devoid of the requisite government acquiescence" is supported by substantial evidence.  (A.R. 131.)

For similar reasons, the BIA and IJ's determination that Iqbal failed to show a pattern and practice of persecution of Shiite Muslims in Pakistan is supported by substantial evidence.  The record indicates "that private parties, not government officials, are the predominant cause of harassment and violence." Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 233-34 (3d Cir. 2008).  In fact, according to the 2003 State Department Country Report, the Pakistani government has taken steps to protect the Shiite community and has barred groups involved in sectarian killings.  (A.R. 367.)

Nor does the record show that Iqbal would likely be tortured by or with the acquiescence of a Pakistani official.  Therefore, he is not eligible for protection under the CAT.  Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 64 (3d Cir. 2007).

Further, the BIA did not abuse its discretion in denying Iqbal's motion to reopen.  To warrant reopening, Iqbal was required to submit new, material evidence that was not available at the time of his hearing before the IJ.  See 8 C.F.R. § 1003.2(c)(1); Filja v. Gonzales, 447 F.3d 241, 253 (3d Cir. 2006).  Several of the documents Iqbal submitted in support of his motion predated his 2006 hearing, and are therefore not "new."  Moreover, the documents are not material as they fail to show "systemic, pervasive, or organized"

6

persecution of Shiites in Pakistan. <u>Lie v. Ashcroft</u>, 396 F.3d 530, 537 (3d Cir. 2005) (citation and internal quotation marks omitted). The documents Iqbal submitted show that there is sectarian violence in Pakistan and that certain militant groups target Shiites. However, there is no evidence that the Pakistani government committed or acquiesced in these acts of violence.

Finally, Iqbal's contention that the BIA failed to remand the case to the IJ to evaluate the merits of his motion to reopen is meritless. The provision on which Iqbal relies for this argument applies to fact finding "in the course of deciding appeals," not when the BIA considers motions to reopen. <u>See</u> 8 C.F.R. § 1003.1(d)(3)(iv); <u>see also</u> 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears <u>to the Board</u> that evidence sought to be offered is material . . .) (emphasis added).

For the foregoing reasons, we will deny Iqbal's petitions for review.